**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
**LYNCHBURG DIVISION**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| ERIN ROSE VALKO DESANTIS | ) | Case No.   6:20CV00055 |
| a/k/a ERIN DESANTIS KNEER, ERIN R. | ) | |
| DESANTIS, as TRUSTEE OF THE ERIN R. | ) | |
| DESANTIS REVOCABLE TRUST DATED | ) | |
| JANUARY 7, 2010, JOSEPH VALKO, and | ) | |
| DOUGLAS SCOTT KNEER, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT TO FORECLOSE LIEN

Plaintiff, the United States of America, by and through the United States Attorney for the

Western District of Virginia, brings this civil action to enforce its judgment lien against certain

real property with respect to criminal restitution ordered against Defendant Erin Rose Valko

DeSantis.  In support of this action, the United States alleges as follows:

### INTRODUCTION

1.      The action is brought by the United States of America, pursuant to 28 U.S.C.

§§ 2001–2003, 3201, 3613, 3664, to foreclose on real property owned by Defendant Erin Rose

Valko DeSantis.

2.      Defendant DeSantis has refused to pay the $4,687,073.00 in criminal restitution

ordered by the U.S. District Court for the Southern District of Florida, and the United States now

seeks to enforce its judgment lien against real property at 255 Thirsty Dog Lane, Lexington, VA 24450[1] (the "Lexington home").

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1345 because the United States is the plaintiff. The Court additionally has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 3201(f).

4.      Venue is proper in the Western District of Virginia pursuant to 28 U.S.C. § 1391.

## PARTIES

5.      Plaintiff is the United States of America.

6.      Defendant Erin Rose Valko DeSantis resides in Lexington, Virginia, within the jurisdiction of this Court.

7.      Defendant Erin R. DeSantis, as Trustee of the Erin R. DeSantis Revocable Trust Dated January 7, 2010, is the current record owner of the Lexington home.

8.      Defendant Joseph Valko resides in Lexington, Virginia. Valko is named as a defendant because he may claim an interest in the real property that is the subject of this civil action.

9.      Defendant Douglas Scott Kneer resides in Coral Springs, Florida. Kneer is named as a defendant because he may claim an interest in the real property that is the subject of this civil action.

---

[1]      The previous address for this property was 501 Turkey Hill Road, Lexington, VA 24450.

## FACTS

10.     Defendant DeSantis pled guilty in case No. 08-60161-CR-HURLEY in the U.S. District Court for the Southern District of Florida to one count of Conspiracy to Commit Mail and Wire Fraud in violation of 18 U.S.C. § 371.

11.     On February 2, 2009, the U.S. District Court for the Southern District of Florida sentenced Defendant DeSantis to probation for a term of three years and ordered her to pay a special assessment in the amount of $100.00 and restitution to her victims. *See* Judgment, Ex. A.

12.     On April 29, 2009, an Order Amending the Judgment in a Criminal Case ordered Defendant DeSantis to pay restitution in the amount of $4,687,073.00, plus interest. *See* Order Amending Judgment, Ex. B.

13.     On April 30, 2009, the day after the Amended Criminal Judgment was entered, Defendant DeSantis filed a Notice of Simultaneous Sale and Closing in the criminal case, stating:

> Defendant has a sale for her home at 82 S. Sewals Point Road and has purchased a home in Lexington, Virginia.  The funds from the sale of the Sewals Point home will be used to purchase the Lexington, Virginia home in a simultaneous closing to occur in approximately sixty (60) days . . . . **[T]o assure that Ms. Desantis fully intends to comply with all conditions of her probation, the home will be titled solely in her name.**

Notice, Ex. C (emphasis added).

14.     DeSantis closed the purchase of the Lexington home on June 2, 2009.

15.     The United States recorded a Notice of Lien for Fine and/or Restitution in Rockbridge County, Virginia, on August 24, 2009. *See* Lien, Ex. D.

16.     Upon filing the lien, the United States' judgment lien attached to the Lexington home.

17.     On November 24, 2009, Defendant DeSantis conveyed the Lexington home, via Deed of Gift, to Erin R. DeSantis, Tara L. Dean, and Jason T. Dean as joint tenants with survivorship.[2] *See* Deed of Gift, Ex. E.

18.     On January 7, 2010, Defendant DeSantis created the Revocable Trust Agreement of Erin R. DeSantis ("Defendant Trust"), although the trust documents were not executed until March 22, 2010. *See* Trust Docs., Ex. F.

19.     On March 22, 2010, Defendant DeSantis executed a second Deed of Gift, conveying the Lexington home between:

> ERIN R. DeSANTIS, TARA L. DEAN AND JASON T. DEAN, **GRANTORS**; and ERIN R. DeSANTIS, TRUSTEE OF THE ERIN R. DeSANTIS TRUST DATED JANUARY 7, 2010, **GRANTEE**, whose address is 501 Turkey Hill Road, Lexington, VA 24450.

*See* Deed of Gift, Ex. G.

15.     The Lexington home is described as:

> All that certain tract of land with all improvements thereon, rights and appurtenances thereunto appertaining containing 167.26 acres, more or less, lying on Route 602 (Turkey Hill Road) in the KERRS CREEK MAGISTERIAL DISTRICT, Rockbridge County, Virginia, as more particularly shown and described on a plat dated January 30, 2007 and entitled "Composite Plat Showing Remainder of Property Deeded to Eugene B. Mosier and Georgia D. Munday in Deed Book 508 Page 537", prepared by Brandon D. Dorsey, Land Surveyor, recorded in the Clerk's office of the Circuit Court of Rockbridge County in Plat Cabinet 4, Slide 305.
>
> The above conveyed real estate is the same property conveyed to Grantors by Deed of Gift dated November 24, 2009 from Erin R. DeSantis recorded as aforesaid Instrument No. 100000015.

20.     Defendant DeSantis is the trustee, settlor, and beneficiary of Defendant Trust. This allows her complete control over Defendant Trust, and Defendant DeSantis may amend or revoke

---

[2]     The Deed of Gift was not executed by Defendant DeSantis until January 4, 2010.

Defendant Trust at any time. Additionally, as trustee, Defendant DeSantis has the power to sell the real estate in Defendant Trust.

21.     On May 9, 2012, Defendant DeSantis executed and recorded a Credit Line Deed of Trust in the amount of $100,000.00 in favor of her husband, Douglas Scott Kneer. *See* Deed of Trust, Ex. H. This Credit Line Deed of Trust was recorded on July 16, 2012, and is inferior to the United States' lien.

22.     On May 9, 2012, Defendant DeSantis executed and recorded a Credit Line Deed of Trust in the amount of $75,000.00 in favor of her family member Joseph Valko. *See* Deed of Trust, Ex. I. This Credit Line Deed of Trust was recorded on July 16, 2012, and is inferior to the United States' lien.

23.     The United States recorded a second lien in Rockbridge County, Virginia, against the Erin R. DeSantis Trust as nominee for Erin Rose Valko DeSantis on April 3, 2019. *See* Nominee Lien, Ex. J.

24.     In 2014, the City of Lexington changed the address for 501 Turkey Hill Lane, Lexington, VA, to 255 Thirsty Dog Lane, Lexington, VA.

25.     To date, Defendant DeSantis has neglected, failed, and/or refused to pay the full amount of the restitution debt secured by the judgment lien. Instead, she has attempted to move assets beyond the reach of the United States by fraudulently conveying them to family members and to the Defendant Trust.

## COUNT I—ENFORCE JUDGMENT LIEN

26.     The allegations set forth in paragraphs 1 through 23 are realleged and incorporated as though fully set forth herein.

27.     When DeSantis was ordered to pay restitution, a lien in favor of the United States arose on all property and rights to property of DeSantis pursuant to 18 U.S.C. § 3613(c).

28.     The United States perfected its lien by filing a Notice of Lien in Rockbridge County, Virginia.

29.     When Defendant DeSantis purchased the Lexington home, the United States' judgment lien attached to all real property owned by Defendant DeSantis, including the Lexington home, pursuant to 28 U.S.C. § 3201(a).

30.     Despite Defendant DeSantis's Deeds of Gift, the United States' judgment lien continued to be attached to the Lexington home and was never released.

31.     Since 2009, Defendant DeSantis has owned the Lexington home, continued to be the beneficial owner, and has had complete control over the Lexington home.

32.     Under 28 U.S.C. § 3201(f), the United States is entitled to enforce its judgment lien against the Lexington home, to sell the Lexington home free and clear of all rights, titles, claims, liens, and interests of the parties, and to have the proceeds distributed, after payment of the costs of sale and any senior liens, to the United States and applied against Defendant DeSantis's criminal restitution.

## PRAYER FOR RELIEF

WHEREFORE, the United States respectfully requests that this Court:

1.     Determine the priority of all claims to and liens upon the subject property;

2.     Adjudge and decree that the restitution lien of the United States be foreclosed against the subject property, that the property be sold free and clear of the liens and claims of all parties having an inferior interest in the property, and that the net proceeds of the sale be distributed in accordance with the priority determined by the Court; and

3.      Award such other and further relief, including the costs of this action, as may be deemed just and proper under the circumstances.

Respectfully submitted,

THOMAS T. CULLEN
United States Attorney

*/s/ Krista Consiglio Frith*
Assistant United States Attorney
Virginia Bar No. 89088
United States Attorney's Office
P.O. Box 1709
Roanoke, VA 24008
TEL (540) 857-2250
FAX (540) 857-2614
Krista.frith@usdoj.gov

Case 6:20-cv-00055-NKM   Document 1-1   Filed 08/20/20   Page 1 of 5   Pageid#: 8
Case 0:08-cr-60161-DTKH   Document 115   Entered on FLSD Docket 02/02/2009   Page 1 of 5
USDC FLSD 245B (Rev. 12/03) - Judgment in a Criminal Case                                                Page 1 of 5

# United States District Court

## Southern District of Florida
### WEST PALM BEACH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| **v.** | **Case Number: 0:08CR60161-002** |
| **ERIN ROSE VALKO DESANTIS** | |
| | USM Number: 73140-004 |

Counsel For Defendant: Fred Haddad, Esq.
Counsel For The United States: AUSA Jeffrey H. Kay
Court Reporter: Pauline Stipes

The defendant pleaded guilty to Count 1 of the Information on October 7, 2008. The defendant is adjudicated guilty of the following offense:

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to commit mail and wire fraud. | December 31, 2005 | 1 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

Date of Imposition of Sentence:
January 30, 2009

DANIEL T. K. HURLEY
United States District Judge

February ___2___ ,2009

DEFENDANT: ERIN ROSE VALKO DESANTIS
CASE NUMBER: 0:08CR60161-002

## PROBATION

The defendant is hereby sentenced to probation for a term of **3 years. This is the total term of probation imposed as to Count 1 of the Information.**

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

**The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.**

If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. the defendant shall not leave the judicial district without the permission of the court or probation officer;
2. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. the defendant shall support his or her dependents and meet other family responsibilities;
5. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. the defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;
7. the defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11. the defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;
12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Case 6:20-cv-00055-NKM   Document 1-1   Filed 08/20/20   Page 3 of 5   Pageid#: 10
Case 0:08-cr-60161-DTKH   Document 115   Entered on FLSD Docket 02/02/2009   Page 3 of 5
USDC FLSD 245B (Rev. 12/03) - Judgment in a Criminal Case                                    Page 3 of 5

DEFENDANT:  ERIN ROSE VALKO DESANTIS
CASE NUMBER:  0:08CR60161-002

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional condition(s) of probation:

The defendant shall participate in an approved inpatient/outpatient mental health treatment program. The defendant will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third party payment.

The defendant shall not apply for, solicit, or incur any further debt, included but not limited to loans or lines of credit, either as a principal, co-signer or guarantor, as directly or through any related entity or organization, without first obtaining permission from the Court.

The defendant shall provide complete access to financial information, including disclosure of all business and personal finances, to the U.S. Probation Officer.

The defendant shall maintain full-time, legitimate employment and not be unemployed for a term of more than 30 days unless excused for schooling, training or other acceptable reasons. Further, the defendant shall provide documentation including, but not limited to pay stubs, contractual agreements, W-2 Wage and Earnings Statements, and other documentation requested by the U.S. Probation Officer.

The defendant shall obtain prior written approval from the Court before entering into any self-employment.

The defendant shall not be engaged in any business that offers securities, investments, or business opportunities to the public. The defendant is further prohibited from engaging in telemarketing, direct mail, or national advertising campaigns for business purposes without the permission of the Court.

The defendant shall submit to a search of her person or property conducted in a reasonable manner and at a reasonable time by the U.S. Probation Officer.

The defendant shall cooperate fully with the Internal Revenue Service in determining and paying any tax liabilities. The defendant shall provide to the Internal Revenue Service all requested documents and information for purposes of any civil audits, examinations, collections, or other proceedings. It is further ordered that the defendant file accurate income tax returns and pay all taxes, interest, and penalties due and owing by her to the Internal Revenue Service.

DEFENDANT: ERIN ROSE VALKO DESANTIS
CASE NUMBER: 0:08CR60161-002

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments.

| **Total Assessment** | **Total Fine** | **Total Restitution** |
|---|---|---|
| $100.00 | $ | **TO BE DETERMINED BY SEPARATE ORDER** |

The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Amount of Loss** | **Amount of Restitution Ordered** | **Priority Order or Percentage of Payment** |
|---|---|---|---|
| As indicated in the Presentence Investigation Report | TO BE DETERMINED | TO BE DETERMINED | |

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994, but before April 23, 1996.

Case 6:20-cv-00055-NKM Document 1-1 Filed 08/20/20 Page 5 of 5 Pageid#: 12
Case 0:08-cr-60161-DTKH Document 115 Entered on FLSD Docket 02/02/2009 Page 5 of 5
USDC FLSD 245B (Rev. 12/03) - Judgment in a Criminal Case

DEFENDANT: ERIN ROSE VALKO DESANTIS
CASE NUMBER: 0:08CR60161-002

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A lump sum payment of **$100.00 is** due immediately. It is further ordered that the defendant shall pay restitution **in an amount to be determined**. Upon commencement of supervision, the defendant shall pay restitution at the rate to be determined until such time as the Court may alter that payment schedule in the interests of justice. These payments do not preclude the government from using any other anticipated or unexpected financial gains, assets or income of the defendant to satisfy the restitution obligations.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

**The assessment and restitution are payable to the CLERK, UNITED STATES COURTS and is to be addressed to:**
**U.S. CLERK'S OFFICE**
**ATTN: FINANCIAL SECTION, 400 NORTH MIAMI AVENUE, ROOM 8N09**
**MIAMI, FLORIDA 33128-7716**

**The assessment and restitution are payable immediately. The U.S. Probation Office and the U.S. Attorney's Office are responsible for the enforcement of this order.**

## JOINT AND SEVERAL

Defendant Name, Case Number, and Joint and Several Amount:

Codefendant; 0:08CR60161, TO BE DETERMINED

## FORFEITURE

The defendant shall forfeit the defendant's interest in the following property to the United States:

**(A) Premises known as: 82 Sewalls Point Road, Stuart, FL 34996 Homewood, Lots 5 & 6, Block A Parcel #01-38-41-006-001-00050-3 or equity of up to $500,000.00; (B) Premises known as: 175.090 Acres of land, Martin County, FL Parcel 2 in Sec 30 of Triple E Ranch Estates Unrecorded as described in DEC of Covenants per OR 1838/0150, also known as SW Hosanah Lane Parcel #30-38-38-001-000-00020 or equity; (C) Premises known as: Parcel # 4843-17-04-3960 Venetian Isles 3rd Sec 47-13 B Lot 7 BLK 53 4400 NE 28th Terrace, Lighthouse Point, FL or equity; (D) Premises known as: 2004 Glasstec 36' Boat; (E) Proceeds from sale of assets in Case Number 05-61450-CIV-HUCK, being held by the U.S. Marshal Service in escrow made up of: $1,254,328.14 and $143,000.00, totaling $1,397,328.14.**

The defendant's right, title and interest to the property identified in the preliminary order of forfeiture, which has been entered by the Court and is incorporated by reference herein, is hereby forfeited.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 08-60161-CR-HURLEY

**UNITED STATES OF AMERICA,**
    **Plaintiff,**

v.

**ERIN ROSE VALKO DESANTIS,**
    **Defendant.**
-------------------------------------------/

## ORDER AMENDING THE JUDGMENT IN A CRIMINAL CASE

**THIS CAUSE** come before the court *sua sponte*. For the reasons stated on the record at a restitution hearing conducted on April 24, 2009, it is

**ORDERED** and **ADJUDGED**:

The Judgment in a Criminal Case imposed on January 30, 2009, is **amended** as follows:

1. The defendant shall pay restitution in the amount of $4,687,073.00 to the victims indicated in the Presentence Investigation Report. Restitution is owed jointly and severally in the amount of $4,687.073.00, imposed on defendant Frank Anthony Desantis, Case No. 08-60161-CR-Hurley. The restitution is due and payable immediately. The U.S. Bureau of Prisons, U.S. Probation Office and the U.S. Attorney's Office are responsible for the enforcement of this order. During the period of incarceration, payment shall be made as follows: (1) if the defendant earns wages in a Federal Prison Industries (UNICOR) job, then the defendant must pay 50% of wages earned toward the financial obligations imposed by this judgment in a criminal case; (2) if the defendant does not work in a UNICOR job, then the defendant must pay $25.00 per quarter toward the financial obligations imposed in this order. These payments do not preclude the government from using other

Case 0:08-cr-60161-DTKH   Document 123   Entered on FLSD Docket 04/29/2009   Page 2 of 2

assets or income of the defendant to satisfy the restitution obligations.  Upon release from

incarceration, the defendant shall pay restitution at the rate of 10% of monthly gross earnings, until

such time as the court may alter that payment schedule in the interests of justice.  The U.S. Bureau

of Prisons, U.S. Probation Office and the U.S. Attorney's Office shall monitor the payment of

restitution and report to the court any material change in the defendant's ability to pay.

   2.  All other terms and conditions of the Judgment Order shall remain in effect.

   **DONE** and **SIGNED** in Chambers at West Palm Beach, Florida this _29th_ day of

April, 2009.

**copy furnished:**
AUSA Jeffrey H. Kay
Fred Haddad, Esq.
United States Marshal Service
United States Probation Office
United States Bureau of Prisons

                                                  Daniel T. K. Hurley
                                                  United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.     08-60161CR-HURLEY

UNITED STATES OF AMERICA,

-vs-

ERIN ROSE VALKO DESANTIS,
        Defendant.
_____/

## NOTICE OF SIMULTANEOUS SALE AND CLOSING

COMES NOW the Defendant, Erin Desantis, through counsel and gives Notice to the Court that, as advised in open Court, the Defendant has a sale for her home at 82 S. Sewals Point Road and has purchased a home in Lexington, Virginia. The funds from the sale of the Sewals Point home will be used to purchase the Lexington, Virginia home in a simultaneous closing to occur in approximately sixty (60) days.

The Defendant Erin Desantis was allowed to purchase her home from the forfeiture aspect of the Indictment for a certain sum of money that, as the Court was advised by the Government, through Mr. Jeffrey Kay, has been paid and satisfied.

The Defendant, through counsel, is providing this Notice since issues of restitution are still under consideration and while the undersigned believes the home has been exempted from restitution due to its removal from forfeiture, Notice is given in what is in essence a transfer of tangible assets. The home in Lexington, Virginia is of the approximate value of the equity being removed from the home at 82 S. Sewals Point Road and to assure that Ms. Desantis fully intends to comply with all conditions of her probation, the home will be titled solely in her name.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 30<u>th</u> day of April, 2009 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing is being served this day on all counsel of record listed in the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

## SERVICE LIST

Jeffrey Kay
Office of the United States Attorney
500 E. Broward Blvd., 7th Floor
Fort Lauderdale, Florida 33301

David Bogenschutz, Esq.
600 S. Andrews Avenue, Ste 500
Fort Lauderdale, Florida 33301


FRED HADDAD, P.A.
One Financial Plaza, Suite 2612
Fort Lauderdale, Florida 33394
Tel:   [954] 467-6767
Fax:   [954] 467-3599

By:___*/Fred Haddad_____
        FRED HADDAD
        Florida Bar No. 180891
        Email: FredHaddadPA@aol.com

595-09

(DEPARTMENT OF JUSTICE)
**NOTICE OF LIEN FOR FINE AND/OR RESTITUTION**
IMPOSED PURSUANT TO THE
ANTI-TERRORISM AND EFFECTIVE
DEATH PENALTY ACT OF 1996

United States Attorneys Office
SOUTHERN DISTRICT OF FLORIDA
Notice is hereby given of a lien against the property of
the defendant named below. Pursuant to Title 18, United
States Code, Section 3613(c), a fine or an order of
restitution imposed pursuant to the provisions of
subchapter C of chapter 227 is a lien in favor of the
United States upon all property belonging to the person
fined or ordered to pay restitution.  Pursuant to § 3613(d)
a notice of lien shall be considered a notice of lien for
taxes for the purposes of any State or local law providing
for the filing of a tax lien.  The lien arises at the time
of the entry of judgment and continues until the liability
is satisfied, remitted, or set aside, or until it becomes
unenforceable pursuant to § 3613(b).

Name of Defendant:  **ERIN ROSE VALDO DESANTIS**

Social Security: **XXX-XX-5228**

Date of Birth: **1974**

Amount of Restitution: **$4,687,073.00**

Court Imposing Judgment: **U.S. DISTRICT COURT, SDFL**

Court Number: **08-60161-CR-HURLY**

Date of Judgment: **JANUARY 30, 2009**

**\*PLUS STATUTORY INTEREST\***

If payment becomes past due, possible penalties totaling 25 percent of the
principal amount past due may arise.  18 U.S.C. § 3612(g).

**IMPORTANT RELEASE INFORMATION**--With respect to the lien listed above, this
notice shall operate as a certificate of release pursuant to 18 U.S.C. §
3613(b) by operation of law but no later than **JANUARY 30, 2029**

Place of Filing: **PALM BEACH COUNTY**

This notice was prepared at MIAMI, FLORIDA on this, the **17th** day of
_____, 2009.


_____
Elizabeth Ruf Stein
Assistant U.S. Attorney

This Instrument Prepared By:
U.S. Attorney's Office
Financial Litigation Unit
99 N. E. 4th Street, Suite 300
Miami, Florida  33132-2111
(305) 961-9313

VIRGINIA
IN THE CLERK'S OFFICE OF
ROCKBRIDGE COUNTY
AUGUST 24, 2009 AT 03:04PM
JUDGMENT/RELEASE #090000595 WAS DOCKETED
UPON CERTIFICATION OF ACKNOWLEDGEMENT
THERETO ANNEXED, ADMITTED TO RECORD.
THE FEE IMPOSED BY SEC. 17.1-275(17)
OF THE VIRGINIA CODE, HAS BEEN PAID.
RCPT: 090000007426   BK:   _____  PG:   _____
TESTE: BRUCE PATTERSON, CLERK
BY: _____   D.C.

100000015 PG0119 JAN-4⊖

Prepared by:
William B. McClung, P.C.
18 N. Main St., P. O. Box 1157
Lexington, VA 24450

Tax Map No. 0480000A00000140
Return to: William B. McClung, P.C.

THIS, DEED OF GIFT, *exempt from taxation pursuant to §58.1-811 D,* made and entered into this the 24th day of November, 2009, by and between, ERIN R. DeSANTIS, **GRANTOR**; and ERIN R. DeSANTIS, TARA L. DEAN and JASON T. DEAN, as joint tenants with survivorship as at common law, **GRANTEES,** whose address is c/o Erin R. DeSantis 501 Turkey Hill Road, Lexington, VA 24450.

-W I T N E S S E T H-:-

FOR AND IN CONSIDERATION of the sum of Ten Dollars ($10.00) and other just and valuable considerations, cash in hand paid unto Grantor by Grantees, and other just and valuable considerations, receipt of all of which is hereby acknowledged, said Grantor does hereby GRANT and CONVEY, with GENERAL WARRANTY and with MODERN ENGLISH COVENANTS OF TITLE, unto said Grantees, as joint tenants with survivorship as at common law, the following described property:

All that certain tract of land with all improvements thereon, rights and appurtenances thereunto appertaining containing 167.26 acres, more or less, lying on Route 602 (Turkey Hill Road) in KERRS CREEK MAGISTERIAL DISTRICT, Rockbridge County, Virginia, as more particularly shown and described on a plat dated January 30, 2007 and entitled "Composite Plat Showing Remainder of Property Deeded to Eugene B. Mosier and Georgia D. Munday in Deed Book 508 Page 537," prepared by Brandon D. Dorsey, Land Surveyor, recorded in the Clerk's office of the Circuit Court of Rockbridge County in Plat Cabinet 4, Slide 305.

The above conveyed real estate is the same property conveyed to Grantor by Deed dated June 2, 2009 from Eugene B. Mosier, et al, recorded as aforesaid as Instrument No. 090002072.

PG 0120 JAN-4 ⊇

The above property is conveyed subject to recorded easement and covenants.

WITNESS the following signature and seal:

_____ (SEAL)
ERIN R. DeSANTIS

STATE OF Virginia
~~CITY~~/COUNTY of Rockbridge , to-wit:

The foregoing instrument was acknowledged before me this 4 day of
January , 20 10 by Erin R. DeSantis.

My commission expires: 2 · 28 - 2013 .

My Notary ID No. is: 166506 .

(S E A L)                    _____
                             Notary Public

```
INSTRUMENT #100000015
RECORDED IN THE CLERK'S OFFICE OF
ROCKBRIDGE COUNTY ON
JANUARY 4, 2010 AT 03:48PM

BRUCE PATTERSON, CLERK
RECORDED BY: BMA
```

# REVOCABLE TRUST AGREEMENT
## OF
### ERIN R. DeSANTIS

**THIS TRUST,** is established this 7th day of January, 2010, by **ERIN R. DeSANTIS** Settlor, and presently residing in Rockbridge County, Virginia, and as the Trustee hereinafter named. The aforesaid Trust shall be known as the **Erin R. DeSantis Trust**.

Settlor desires to transfer the property, listed as Exhibit "A", attached hereto, to the Trustee in order to establish a trust for the benefit of the Settlor, during her lifetime, and for the benefit of her children, if they survive her. The Settlor may, hereafter, transfer other properties to the Trustee and, may hereafter, execute a Last Will and Testament to transfer all or part of Settlor's estate to said Trust.

### * * * W I T N E S S E T H * * *

Settlor hereby transfers to herself, and other hereinafter named as Trustee(s), the property listed on Exhibit "A", and such other property which may be received from others and the Settlor, to have and hold under themselves and successors, as Trustees, on the terms, conditions, and for the purposes specified herein.

### ARTICLE I

### TRUST DURING SETTLORS' LIFETIME

All property transferred to the Trust shall be held on the following terms and conditions:

1.1   **Income**. The entire income from this Trust shall be distributed currently to the Settlor or applied for her benefit, including payment of life insurance premiums and other insurance premiums, at least quarterly or more frequently if there shall be income from

which to make such payments. Settlor may, at any time, upon request, withdraw all income and/or principal heretofore received and accumulated in this Trust.

1.2     In addition, the Trustee shall, from time to time, pay to Settlor or apply for her benefit such amounts of the principal of the Trust as, in the Trustees' sole discretion, shall be deemed necessary to provide liberally for her health, comfort, maintenance and support and that of her children and to meet any emergency affecting said Settlor and/or her children.

The Trustees are specifically authorized to use all income and so much of principal as deemed necessary, in their sole discretion, to provide Settlor and/or Settlor's Children, a home or other place of residence and support of all types, including medical or hospitalization, including nurses expenses.  The Trustees are authorized, if so deemed necessary, to use all Trust assets for the aforesaid purposes.

1.3     **Right to Amend This Trust.**  Settlor reserves the right at any time, and from time to time, by instrument in writing signed by Settlor and delivered to the Trustees to amend, or to revoke, this Trust Agreement in whole or in part.  Settlor reserves the right to add property to this Trust at any time, and reserves the right for any other person to add property to this Trust hereunder at any time, provided, always, that such additional property shall be acceptable to the Trustees.

1.4     **General Administrative Powers.**  The Trustees shall have the power to do all things which in the Trustees' opinion are necessary, or in the best interests of the beneficiaries and the trust estate, unless such action is prohibited by law or by some other provision of this instrument. During the lifetime of the Settlor, the Trustees, in exercising these powers, shall always consider the best interest of Settlor and/or her children, as primary regardless of possible deleterious effect such exercise of power may have on the

2

residuary beneficiaries.   Specifically, and not limiting the generality of the previous sentence, the Trustees may:

      1.      Pay all reasonable and just debts, taxes, mortgage payments and expenses owed by the Trust and/or by the Settlor.

      2.      Retain attorneys, accountants, agents, custodians, depositories, investment advisors or counselors, and such other agents or consultants as the Trustees may deem useful and pay such persons reasonable compensation for their services; and the Trustees shall not be liable in respect to any action taken in good faith in accordance with the opinion of such legal or investment counsel.

      3.      Sue, defend or compromise suits and legal actions and employ counsel in connection with such disputes.   The Trustees may act pursuant to this provision with respect to any dispute, regardless of whether suit or other claim has been formally initiated.  This provision includes the power to make any other expenditures for services or for other purposes when advisable for the protection of the Trust's interests; and

      4.      Do any and all things that I could do myself, if living, including, but not limited to making gifts, paying all taxes and filing all income and gift tax returns during my lifetime, or thereafter.

      5.      Maintain all records and be responsible for filing all required tax returns.

      6.      Execute deeds, deeds of trust, mortgages, promissory notes, leases, bills of sale, stock transfer certificates and any and all documents needful to transfer real or personal property.

3

1.5    **Compensation.**

1.    The Trustees may, from all assets that come into the Trustees' possession as such Trustees, be reimbursed for such costs, charges, taxes, damages and expenses as the Trustees may have paid or incurred by reason of the performance of the Trustees' duties hereunder.

2.    The Trustees shall be entitled to reasonable compensation for services rendered hereunder. The amounts of such compensation may be fixed by agreement with Settlor during Settlor's life and thereafter upon agreement with a beneficiary who is not then a minor or mentally incapacitated (and the guardian or custodian of any income beneficiary then a minor or mentally incapacitated or a duly appointed attorney-in-fact for any such beneficiary). If an agreement cannot be reached, fees may be set by a court of competent jurisdiction. Such compensation, except that payable upon distribution of principal, shall be discharged against income, unless the Trustees shall determine that such charging of compensation against income only shall be inequitable, in which case this compensation shall instead be charged equitably against income and principal, as shall be determined in the Trustees' sole discretion, so that both the income beneficiaries and remaindermen shall, between them, fairly bear the Trustees' fees. Compensation payable upon distribution of principal shall be charged against principal.

## ARTICLE II

## DEATH OF SETTLOR

1.  Upon Settlor's death, the Trust assets then held by the Trustees, together with any assets received as a beneficiary under Settlor's Will, shall be determined and the Trustees shall:

4

(a) Erect a suitable grave marker and shall pay, as soon as practicable, funeral expenses, all debts not barred by operation of law, and all unpaid charitable pledges.

(b) File all required income, gift, inheritance and estate tax returns.

(c) Pay all taxes of all kinds, together with any interest and penalties in respect thereof, on income transfer, succession, inheritance, legacy and any other taxes. All such payments shall be made without apportionment as part of the costs of administration.

(d) To hold the balance of said Trust assets in trust for the benefit of my surviving children until the youngest thereof attains the age of twenty-two (22) at which time said Trust shall terminate and all Trust assets shall be divided equally between the children who survived me. The share of any child who survived me, but should depart life prior to the termination of this Trust shall pass unto the child or children of such deceased child, if any, and if none, equally to the then surviving child or children of mine and to any child or children of a child or children of mine who departed life prior to the Trust termination, *per stirpes*.

(e) The aforesaid Trust beneficiaries shall have the power of appointment over the portion of said Trust allocated to such beneficiary. In the absence of exercising such power of appointment the share of this Trust allocated to a beneficiary shall pass unto their child or children of such beneficiary upon the death of said beneficiary and in the absence of child or children at the death of such beneficiary such share shall pass unto the surviving named beneficiary or the child or children of the beneficiary who predeceased the surviving beneficiary, per stirpes.

2.1     Each person, including her personal representative, entitled to benefit under this will, may disclaim and refuse to accept all or part of that benefit.

5

The disclaimer and refusal to accept any benefit must be in writing and must meet the disclaimer requirements of the Internal Revenue Code and the laws of Virginia, or the state in which I may then be living.

2.2     I nominate and appoint myself as the initial Trustee, as my first successor Trustee, my sister, Tara L. Dean and as my second successor Trustee, my brother-in-law, Jason T. Dean.  Should my aforesaid brother-in-law, Jason T. Dean, not wish to act as second successor Trustee, he shall have the power to appoint a second successor Trustee.

## ARTICLE III

## FIDUCIARY POWERS AND DUTIES

The Trustees, and any successors, shall have all fiduciary powers contained in §64.1-57 of the 1950 Code of Virginia, as amended, which are incorporated herein by reference, and all subsequent amendments. In addition, the fiduciaries and any successors shall have continuing, absolute, and discretionary power to deal with any of my own affairs, including establishing and funding trusts of all types, making gifts from Estate and Trust assets and filing of required tax returns. Fiduciaries shall not be limited to statutory and/or case law, for fiduciary investments or statutory depositories for Estate or Trust funds and assets.  Without limiting in any way the generality of the foregoing, the fiduciaries are granted the following power and authority in addition to, and not in substitution of any power previously conferred: To invest, and reinvest, by cash and use of margins, in stocks, bonds, other securities, including buying and selling of options, interest in investment trusts, mutual funds, properties which are outside the State of Virginia, and other properties that may be deemed advisable, all without diversification as to kind or amounts without being restricted in any way by any statute or Court decision regulating or limiting investments and depositories by fiduciaries, and to registered

6

securities of all types in the name of the fiduciary or nominee, without disclosure of beneficiary. All Trustees shall have the power of sale of real estate, wherever situate.

No person dealing with the fiduciaries or trust estate shall be required to inquire into the propriety or authority for any action, and shall not be required to see to the application of any funds.

The fiduciaries' discretion shall be conclusive as to advisability of any investment, sale of an investment, disbursement or distribution of assets to beneficiaries, and shall not be questioned by anyone.

The Trust estates shall indemnify the fiduciaries for each monetary expense, including attorneys' and accounting fees, incurred, expended for, or arising from distribution of assets. If two or more are serving as fiduciaries, the decision of the majority shall control.

It is my recommendation that the Trustees employ the services of an attorney or accountant experienced in trust administration and accounting.

The fiduciaries shall not be required to render annual reports to the beneficiaries.

No interest of any beneficiary may be anticipated, assigned or pledged for any loan or other financial obligation. To the fullest extent permitted by law no interest of any beneficiary of this Trust shall be subject to levy, garnishment or any other claim made against any beneficiary. To the fullest extent permitted by law this Trust shall be deemed a "Spend Thrift" Trust and as such receive to the fullest extent permitted by law the protections afforded Spend Thrift Trusts.

Should the named trustees herein depart life, become incapacitated, or resign any surviving named beneficiary shall be authorized to name a successor trustee who shall not be a beneficiary named herein.

7

This Trust established this 22 day of _March_ , 2010.

_____
ERIN R. DeSANTIS, SETTLOR

_____
ERIN R. DeSANTIS, TRUSTEE

STATE OF _Virginia_ ,

CITY/COUNTY OF _Rockbridge_ , TO-WIT:

Personally appeared before me, ERIN R. DeSANTIS, with whom I am personally acquainted, who executed and acknowledged execution of the foregoing instrument for the purposes therein contained.

Given under my hand this 22nd day of _March_ , 2010.

My commission expires: _12-31-2012_

My Notary ID Number is: _348314_

(SEAL)

_____
NOTARY PUBLIC

SARAH P. WALKER
Notary Public
Commonwealth of Virginia
348314
My Commission Expires Dec 31, 2012

8

100000900     PG 0090 MAR 26 ⊆

Prepared by:
William B. McClung, P.C.
18 N. Main St., P. O. Box 1157
Lexington, VA 24450

Tax Map No. 0480000A00000140
Return to: William B. McClung, P.C.

THIS, DEED OF GIFT, *exempt from taxation pursuant to §58.1-810 D,* made and entered into this the 22nd day of March, 2010, by and between, ERIN R. DeSANTIS, TARA L. DEAN and JASON T. DEAN, **GRANTORS**; and ERIN R. DeSANTIS, TRUSTEE OF THE ERIN R. DeSANTIS TRUST DATED JANUARY 7, 2010 **GRANTEE,** whose address is 501 Turkey Hill Road, Lexington, VA 24450.

-:-W I T N E S S E T H -:-

FOR AND IN CONSIDERATION of the sum of Ten Dollars ($10.00) and other just and valuable considerations, cash in hand paid unto Grantors by Grantee, and other just and valuable considerations, receipt of all of which is hereby acknowledged, said Grantors do hereby GRANT and CONVEY, with GENERAL WARRANTY and with MODERN ENGLISH COVENANTS OF TITLE, unto said Grantee the following described property:

> All that certain tract of land with all improvements thereon, rights and appurtenances thereunto appertaining containing 167.26 acres, more or less, lying on Route 602 (Turkey Hill Road) in KERRS CREEK MAGISTERIAL DISTRICT, Rockbridge County, Virginia, as more particularly shown and described on a plat dated January 30, 2007 and entitled "Composite Plat Showing Remainder of Property Deeded to Eugene B. Mosier and Georgia D. Munday in Deed Book 508 Page 537," prepared by Brandon D. Dorsey, Land Surveyor, recorded in the Clerk's office of the Circuit Court of Rockbridge County in Plat Cabinet 4, Slide 305.

> The above conveyed real estate is the same property conveyed to Grantors by Deed of Gift dated November 24, 2009 from Erin R. DeSantis recorded as aforesaid as Instrument No. 100000015.

PG 0 0 9 1  MAR 26 ⊖

The above property is conveyed subject to recorded easement and covenants.

WITNESS the following signature and seal:

_____ (SEAL)
ERIN R. DeSANTIS

STATE OF __Virginia__

~~CITY~~/COUNTY of __Rockbridge__, to-wit:

The foregoing instrument was acknowledged before me this 22nd day of

__March_____, 2010 by Erin R. DeSantis.

My commission expires: __12·31·2012__.

My Notary ID No. is: ____348314____.

```
SARAH P. WALKER
Notary Public
Commonwealth of Virginia
348314
My Commission Expires Dec 31, 2012
```

_____
Notary Public

_____ (SEAL)
TARA L. DEAN

STATE OF __Virginia__

~~CITY~~/COUNTY of __Rockbridge__, to-wit:

The foregoing instrument was acknowledged before me this 23rd day of

__March_____, 2010 by Tara L. Dean.

My commission expires: __12·31·2012__.

My Notary ID No. is: ____348314____.

```
(SEAL) SARAH P. WALKER
Notary Public
Commonwealth of Virginia
348314
My Commission Expires Dec 31, 2012
```

_____
Notary Public

PG 0092 MAR 26 ≌

_____ (SEAL)
JASON T. DEAN

STATE OF _Virginia_

~~CITY~~/COUNTY of _Rockbridge_, to-wit:

The foregoing instrument was acknowledged before me this 25th day of

_March_____, 2010 by Jason T. Dean.

My commission expires: __12·31·2012__.

My Notary ID No. is: __348314__.

(SEAL)
SARAH P. WALKER
Notary Public
Commonwealth of Virginia
348314
My Commission Expires Dec 31, 2012

_____
Notary Public

INSTRUMENT #100000900
RECORDED IN THE CLERK'S OFFICE OF
ROCKBRIDGE COUNTY ON
MARCH 26, 2010 AT 02:22PM

BRUCE PATTERSON, CLERK
RECORDED BY: BMA

**120002331**          PG 0066  JUL 16 ≡

This document prepared by:
William B. McClung, PC  VSB # 03244
18 N Main Street, P. O. Box 1157
Lexington, Virginia  24450

TAX MAP NUMBER:  0480000A00000140

    THIS CREDIT LINE DEED OF TRUST, made and entered into this 9th day of May,

2012, by and between **ERIN R. DeSANTIS, Trustee of the Erin R. DeSantis Trust dated**

**January 7, 2010, ("GRANTOR");** and **WILLIAM B. McCLUNG**, P.O. Box 1157,

Lexington, Virginia 24450, **("TRUSTEE").**

*W I T N E S S E T H :*

    THAT FOR AND IN CONSIDERATION of the sum of Ten Dollars ($10.00), cash

in hand paid by GRANTORS unto TRUSTEE, the receipt of which is hereby acknowledged

by TRUSTEE, and in further consideration of the indebtedness herein recited, and the trust

herein created, GRANTORS hereby irrevocably Grant and Convey unto TRUSTEE with

GENERAL WARRANTY and ENGLISH COVENANTS OF TITLE, the following

described real estate, to-wit:

**Tax Map No.  0480000A00000140**

    All that certain tract of land with all improvements thereon, rights and
    appurtenances thereunto appertaining containing 167.26 acres, more or less,
    lying on Route 602 (Turkey Hill Road) in KERRS CREEK
    MAGISTERIAL DISTRICT, Rockbridge County, Virginia, as more
    particularly shown and described on a plat dated January 30, 2007 and
    entitled "Composite Plat Showing Remainder of Property Deeded to
    Eugene B. Mosier and Georgia D. Munday in Deed Book 508 Page 537,"
    prepared by Brandon D. Dorsey, Land Surveyor, recorded in the Clerk's
    office of the Circuit Court of Rockbridge County in Plat Cabinet 4, Slide
    305.

    The above conveyed property is the same as that conveyed unto Grantor by
    Deed of Gift dated March 22, 2010, from Erin R. DeSantis, et als, recorded
    as aforesaid as Instrument No. 100000900.

PG 0 0 6 7   JUL 16⁺

IN TRUST, to secure Douglas Scott Kneer, or order ("NOTEHOLDER"), the

payment of the principal sum of SEVENTY FIVE THOUSAND and 00/100 DOLLARS

($75,000.00), payable without interest upon the sale or transfer of the real estate owned by

the undersigned described above located at 501 Turkey Hill Road, Lexington, VA 24450.

The hereinabove described real estate shall also secure reimbursement to the

NOTEHOLDER and the TRUSTEE for any and all costs, attorney's fees, and other expenses

of whatever kind incurred in connection with obtaining possession of the hereinabove

described real estate; the protection and preservation of said real estate; the collection of any

sum or sums secured hereby; any litigation concerning said real estate or this Deed of Trust;

the recording or releasing of this Deed of Trust and any additional examination of title or

execution of further assurances or physical survey of the property which may be required by

the NOTEHOLDER or TRUSTEE for any reason in good faith; all of which costs and

expenses shall be the obligations of and be paid by the GRANTORS.

The GRANTORS covenant that the TRUSTEE and the NOTEHOLDER or their

duly authorized agents shall have the right to inspect said real estate at any reasonable time;

that GRANTORS will comply with all laws and ordinances pertaining to said real estate;

and that GRANTORS will keep in force any insurance required by this Deed of Trust or any

state or federal law or regulation. The GRANTORS further covenant that this Deed of Trust

shall be construed to impose and confer upon the parties hereto, and the beneficiaries

hereunder, all duties, rights, and obligations prescribed in § 55-59 and §s 55-59.1 through

55-59.4 of the Code of Virginia (1950), as amended, in effect as of the date hereof (except

as specifically modified herein), and further to incorporate herein, by short term references

PG 0 0 6 8  JUL 16 ⁻

below, the following provisions of § 55-60 of the <u>Code of Virginia</u> (1950), as amended, and in effect as of the date hereof:

        EXEMPTIONS WAIVED
        SUBJECT TO ALL UPON DEFAULT
        RIGHT OF ANTICIPATION RESERVED
        RENEWAL, EXTENSION OR REINSTATEMENT PERMITTED
        SUBSTITUTION OF TRUSTEE PERMITTED
        ANY TRUSTEE MAY ACT

ADVERTISEMENT REQUIRED:  Publication in a newspaper published or having general circulation in the City or County wherein the real estate, or any part thereof, is located, once a week for two successive weeks.

Substitution of the TRUSTEE may be made at the discretion of the NOTEHOLDER for any reason whatsoever.

The TRUSTEE shall be entitled to a commission of five percent (5%) of the sales price if the property conveyed herein is foreclosed on and sold and a commission equal to two and one-half percent (2.5%) of the current value of the property if the property is advertised for sale but a sale does not occur.

Payment of the debt evidenced by the Note secured hereby may not be assumed by any other person or persons without the written consent of the NOTEHOLDER.

NOTICE - THE DEBT SECURED HEREBY IS SUBJECT TO CALL IN FULL IN THE EVENT OF SALE OR CONVEYANCE OF THE PROPERTY CONVEYED.

Any person executing this Deed of Trust in the capacity of an agent, officer, employee or partner of the Borrower or Grantors represents and warrants that he or she has the authority to execute this Deed of Trust on behalf of the Borrower or Grantors, as the case may be. If the Borrower or Grantor is a partnership or company, the Borrower or Grantor and each individual executing this Deed of Trust on its behalf represent and warrant

PG 0069 JUL 16 ±

that the entity was duly formed and organized and validly exists under the laws of the state in which it was created and that the execution of this Deed of Trust has been authorized by the entity and will not violate any provision of the partnership or operating agreement. If the Borrower or Grantor is a corporation, the Borrower or Grantor and each individual executing this Deed of Trust on behalf of the corporation represent and warrant that the Borrower or Grantor was duly incorporated and organized, and validly exists under the laws of the state in which it was created and that the execution of this Deed of Trust has been authorized by the Borrower's or Grantor's respective Board of Directors and will not violate its charter or bylaws. All persons executing this Deed of Trust in the capacity of agents, officers, employees or partners of the Borrower or Grantor, jointly and severally agree, in their capacity as individuals, to indemnify the Beneficiary for any violation of the warranties and representations of this paragraph. If the Borrower or Grantor consists of more than one person, each person who is a Borrower or Grantor, as the case may be, shall be jointly and severally liable under all obligations, indebtedness and liabilities of the Borrower or Grantor, as the case may be, under this Deed of Trust.

PG 0070 JUL 16

WITNESS the following signature and seal:

 (SEAL)

ERIN R. DeSantis, Trustee of the
Erin R. DeSantis Trust dated January 7, 2010

STATE OF VIRGINIA
COUNTY OF ROCKBRIDGE, to-wit:

The foregoing instrument was acknowledged before me this _16_ day of
_____July_____, 2012, by Erin R. DeSantis, Trustee of the Erin R. DeSantis
Trust dated January 7, 2010.

My commission expires ___Oct. 31, 2012___.

My Notary Identification Number ___166509___.

(S E A L)                                   _____
                                            Notary Public

JOAN G. POTTER
NOTARY PUBLIC
MY COMMISSION NUMBER
166509
COMMONWEALTH OF VIRGINIA

                              INSTRUMENT #120002331
                          RECORDED IN THE CLERK'S OFFICE OF
                              ROCKBRIDGE COUNTY ON
                            JULY 16, 2012 AT 03:14PM

                            BRUCE PATTERSON, CLERK
                              RECORDED BY: BMA

I2OOO233O   PG006I  JUL 16

This document prepared by:
William B. McClung, PC  VSB# 03244
18 N Main Street, P. O. Box 1157
Lexington, Virginia 24450

TAX MAP NUMBER: 0480000A00000140

      THIS CREDIT LINE DEED OF TRUST, made and entered into this 9th day of May, 2012, by and between **ERIN R. DeSANTIS, Trustee of the Erin R. DeSantis Trust dated January 7, 2010, ("GRANTOR"); and WILLIAM B. McCLUNG**, P.O. Box 1157, Lexington, Virginia 24450, **("TRUSTEE")**.

### *WITNESSETH:*

      THAT FOR AND IN CONSIDERATION of the sum of Ten Dollars ($10.00), cash in hand paid by GRANTORS unto TRUSTEE, the receipt of which is hereby acknowledged by TRUSTEE, and in further consideration of the indebtedness herein recited, and the trust herein created, GRANTORS hereby irrevocably Grant and Convey unto TRUSTEE with GENERAL WARRANTY and ENGLISH COVENANTS OF TITLE, the following described real estate, to-wit:

#### Tax Map No. 0480000A00000140

All that certain tract of land with all improvements thereon, rights and appurtenances thereunto appertaining containing 167.26 acres, more or less, lying on Route 602 (Turkey Hill Road) in KERRS CREEK MAGISTERIAL DISTRICT, Rockbridge County, Virginia, as more particularly shown and described on a plat dated January 30, 2007 and entitled "Composite Plat Showing Remainder of Property Deeded to Eugene B. Mosier and Georgia D. Munday in Deed Book 508 Page 537," prepared by Brandon D. Dorsey, Land Surveyor, recorded in the Clerk's office of the Circuit Court of Rockbridge County in Plat Cabinet 4, Slide 305.

The above conveyed property is the same as that conveyed unto Grantor by Deed of Gift dated March 22, 2010, from Erin R. DeSantis, et als, recorded as aforesaid as Instrument No. 100000900.

PG 0 0 6 2   JUL 16

IN TRUST, to secure Joseph Valko, or order ("NOTEHOLDER"), the payment of the principal sum of ONE HUNDRED THOUSAND and 00/100 DOLLARS ($100,000.00), payable without interest upon the sale or transfer of the real estate owned by the undersigned described above located at 501 Turkey Hill Road, Lexington, VA 24450.

The hereinabove described real estate shall also secure reimbursement to the NOTEHOLDER and the TRUSTEE for any and all costs, attorney's fees, and other expenses of whatever kind incurred in connection with obtaining possession of the hereinabove described real estate; the protection and preservation of said real estate; the collection of any sum or sums secured hereby; any litigation concerning said real estate or this Deed of Trust; the recording or releasing of this Deed of Trust and any additional examination of title or execution of further assurances or physical survey of the property which may be required by the NOTEHOLDER or TRUSTEE for any reason in good faith; all of which costs and expenses shall be the obligations of and be paid by the GRANTORS.

The GRANTORS covenant that the TRUSTEE and the NOTEHOLDER or their duly authorized agents shall have the right to inspect said real estate at any reasonable time; that GRANTORS will comply with all laws and ordinances pertaining to said real estate; and that GRANTORS will keep in force any insurance required by this Deed of Trust or any state or federal law or regulation. The GRANTORS further covenant that this Deed of Trust shall be construed to impose and confer upon the parties hereto, and the beneficiaries hereunder, all duties, rights, and obligations prescribed in § 55-59 and §s 55-59.1 through 55-59.4 of the Code of Virginia (1950), as amended, in effect as of the date hereof (except as specifically modified herein), and further to incorporate herein, by short term references below, the following provisions of § 55-60 of the Code of Virginia (1950), as amended, and

PG 0063  JUL 16

in effect as of the date hereof:

EXEMPTIONS WAIVED
SUBJECT TO ALL UPON DEFAULT
RIGHT OF ANTICIPATION RESERVED
RENEWAL, EXTENSION OR REINSTATEMENT PERMITTED
SUBSTITUTION OF TRUSTEE PERMITTED
ANY TRUSTEE MAY ACT

ADVERTISEMENT REQUIRED:  Publication in a newspaper published or having general circulation in the City or County wherein the real estate, or any part thereof, is located, once a week for two successive weeks.

Substitution of the TRUSTEE may be made at the discretion of the NOTEHOLDER for any reason whatsoever.

The TRUSTEE shall be entitled to a commission of five percent (5%) of the sales price if the property conveyed herein is foreclosed on and sold and a commission equal to two and one-half percent (2.5%) of the current value of the property if the property is advertised for sale but a sale does not occur.

Payment of the debt evidenced by the Note secured hereby may not be assumed by any other person or persons without the written consent of the NOTEHOLDER.

NOTICE - THE DEBT SECURED HEREBY IS SUBJECT TO CALL IN FULL IN THE EVENT OF SALE OR CONVEYANCE OF THE PROPERTY CONVEYED.

Any person executing this Deed of Trust in the capacity of an agent, officer, employee or partner of the Borrower or Grantors represents and warrants that he or she has the authority to execute this Deed of Trust on behalf of the Borrower or Grantors, as the case may be. If the Borrower or Grantor is a partnership or company, the Borrower or Grantor and each individual executing this Deed of Trust on its behalf represent and warrant that the entity was duly formed and organized and validly exists under the laws of the state

PG 0064  JUL 16

in which it was created and that the execution of this Deed of Trust has been authorized by the entity and will not violate any provision of the partnership or operating agreement. If the Borrower or Grantor is a corporation, the Borrower or Grantor and each individual executing this Deed of Trust on behalf of the corporation represent and warrant that the Borrower or Grantor was duly incorporated and organized, and validly exists under the laws of the state in which it was created and that the execution of this Deed of Trust has been authorized by the Borrower's or Grantor's respective Board of Directors and will not violate its charter or bylaws. All persons executing this Deed of Trust in the capacity of agents, officers, employees or partners of the Borrower or Grantor, jointly and severally agree, in their capacity as individuals, to indemnify the Beneficiary for any violation of the warranties and representations of this paragraph. If the Borrower or Grantor consists of more than one person, each person who is a Borrower or Grantor, as the case may be, shall be jointly and severally liable under all obligations, indebtedness and liabilities of the Borrower or Grantor, as the case may be, under this Deed of Trust.

PG 0065 JUL 16

WITNESS the following signature and seal:

_____ (SEAL)
ERIN R. DeSantis, Trustee of the
Erin R. DeSantis Trust dated January 7, 2010


STATE OF VIRGINIA
COUNTY OF ROCKBRIDGE, to-wit:

The foregoing instrument was acknowledged before me this _16_ day of
_____, 2012, by Erin R. DeSantis, Trustee of the Erin R. DeSantis
Trust dated January 7, 2010.

My commission expires _Oct. 31, 2012_.

My Notary Identification Number _166509_.

_____
Notary Public

(S E A L)

INSTRUMENT #120002330
RECORDED IN THE CLERK'S OFFICE OF
ROCKBRIDGE COUNTY ON
JULY 16, 2012 AT 03:11PM

BRUCE PATTERSON, CLERK
RECORDED BY: BMA

DEPARTMENT OF JUSTICE

**NOTICE OF LIEN FOR**
**FINE AND/OR**
**RESTITUTION** IMPOSED
PURSUANT TO THE
ANTI-TERRORISM AND
EFFECTIVE DEATH PENALTY
ACT OF 1996
United States Attorney's Office
**SOUTHERN DISTRICT OF FLORIDA**

VIRGINIA
IN THE CLERK'S OFFICE OF
ROCKBRIDGE COUNTY CIRCUIT COURT
APRIL 3, 2019 AT 11:35 AM
JUDGMENT/RELEASE #190000250 WAS DOCKETED
UPON CERTIFICATION OF ACKNOWLEDGEMENT
THERETO ANNEXED, ADMITTED TO RECORD.

Notice is hereby given of a lien against the property of the defendant named below. Pursuant to Title 275(17) 18, United States Code, Section 3613(c), a fine or an order of restitution imposed pursuant to the BEEN PAID. provisions of sub chapter C of chapter 227 is a lien in favor of the United States upon all property PG: _____ belonging to the person fined or ordered to pay restitution. Pursuant to § 3613(d) a notice of lien shall be considered a notice of lien for taxes for the purposes of any State or local law providing for the filing of a tax lien. The lien arises at the time of the entry of judgment and continues until the liability is satisfied, remitted, or set aside, or until it becomes unenforceable pursuant to § 3613(b).

Name of Defendant: Erin R. Desantis Trust as nominee for Erin Rose Valko Desantis

Social Sec. #: ***-**-***-**-5228

Year of Birth: 1974

Amount of Assessment\Fine\Restitution: $4,687,073.00

Court Imposing Judgment: **U.S. DISTRICT COURT, SDFL**

Court Number: 08-60161-CR-HURLEY

Date of Judgment: January 30, 2009

**\*PLUS STATUTORY INTEREST \***

If payment becomes past due, possible penalties totaling 25 percent of the principal amount past due may arise. 18 U.S.C. § 3612(g).

**IMPORTANT RELEASE INFORMATION**--With respect to the lien listed above, this notice shall operate as a certificate of release pursuant to 18 U.S.C. § 3613(b) by operation of law.

Place of Filing: **ROCKBRIDGE COUNTY**
This notice was prepared at MIAMI, FLORIDA on this, the 26 day of March, 2019.

Signature

VIVAN ROSADO
Assistant U.S. Attorney

This Instrument Prepared
By: Pedro Martin
U.S. Attorney's Office
Financial Litigation Unit
99 N.E. 4th Street
Miami, Florida 33132
(305) 961-9346

IN TESTIMONY that the foregoing is a true copy taken from the records of this court, I hereby set my hand and affix the SEAL of this Court.
This 3rd day of April, 2019.

Michelle M. Trout, Clerk
Circuit Court of Rockbridge County, Virginia
by:

Clerk/Deputy Clerk

VIRGINIA
IN THE CLERK'S OFFICE OF
ROCKBRIDGE COUNTY CIRCUIT COURT
APRIL 3, 2019 AT 11:35 AM
JUDGMENT/RELEASE #190000250 WAS DOCKETED
UPON CERTIFICATION OF ACKNOWLEDGEMENT
THERETO ANNEXED, ADMITTED TO RECORD.
THE FEE IMPOSED BY SEC. 17.1-275(17)
OF THE VIRGINIA CODE, HAS BEEN PAID.
RCPT: 19000002513 BK:  _____ PG: _____
TESTE: MICHELLE M. TROUT, CLERK

RECORDED BY: BMA

JS 44 (Rev. 09/19)

# CIVIL COVER SHEET

6:20-cv-55

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

United States of America

**DEFENDANTS**

Erin Rose Valko DeSantis; Erin R. DeSantis, as Trustee of the Erin R. DeSantis Revocable Trust dated Jan. 7, 2010; Joseph Valko; Douglas Scott Kneer

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant __Rockbridge__
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Krista Consiglio Frith, U.S. Attorney's Office
P.O. Box 1709, Roanoke, VA 24008
(540) 857-2250

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☒ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question *(U.S. Government Not a Party)*

☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**  ☐ 310 Airplane  ☐ 315 Airplane Product Liability  ☐ 320 Assault, Libel & Slander  ☐ 330 Federal Employers' Liability  ☐ 340 Marine  ☐ 345 Marine Product Liability  ☐ 350 Motor Vehicle  ☐ 355 Motor Vehicle Product Liability  ☐ 360 Other Personal Injury  ☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**  ☐ 365 Personal Injury - Product Liability  ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability  ☐ 368 Asbestos Personal Injury Product Liability  **PERSONAL PROPERTY**  ☐ 370 Other Fraud  ☐ 371 Truth in Lending  ☐ 380 Other Personal Property Damage  ☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881  ☐ 690 Other | ☐ 422 Appeal 28 USC 158  ☐ 423 Withdrawal 28 USC 157  **PROPERTY RIGHTS**  ☐ 820 Copyrights  ☐ 830 Patent  ☐ 835 Patent - Abbreviated New Drug Application  ☐ 840 Trademark | ☐ 375 False Claims Act  ☐ 376 Qui Tam (31 USC 3729(a))  ☐ 400 State Reapportionment  ☐ 410 Antitrust  ☐ 430 Banks and Banking  ☐ 450 Commerce  ☐ 460 Deportation  ☐ 470 Racketeer Influenced and Corrupt Organizations  ☐ 480 Consumer Credit (15 USC 1681 or 1692)  ☐ 485 Telephone Consumer Protection Act  ☐ 490 Cable/Sat TV  ☐ 850 Securities/Commodities/ Exchange |
| ☐ 120 Marine | | | | |
| ☐ 130 Miller Act | | | | |
| ☐ 140 Negotiable Instrument | | | | |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | | | |
| ☐ 151 Medicare Act | | | | |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | | | **LABOR** | |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY**  ☐ 861 HIA (1395ff)  ☐ 862 Black Lung (923)  ☐ 863 DIWC/DIWW (405(g))  ☐ 864 SSID Title XVI  ☐ 865 RSI (405(g)) | |
| ☐ 160 Stockholders' Suits | | ☐ 720 Labor/Management Relations | | |
| ☐ 190 Other Contract | | ☐ 740 Railway Labor Act | | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | | ☐ 751 Family and Medical Leave Act | | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 896 Arbitration |
| ☒ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:**  ☐ 540 Mandamus & Other  ☐ 550 Civil Rights  ☐ 555 Prison Condition  ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 462 Naturalization Application  ☐ 465 Other Immigration Actions | |
| | ☐ 448 Education | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 2001, 2002, 2003, 3201, 3613, 3664

Brief description of cause:
Foreclosure and enforcement of criminal restitution judgment lien

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ Sale of Real Property

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY**

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE
08/20/2020

SIGNATURE OF ATTORNEY OF RECORD
/s/ Krista Consiglio Frith

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE __Moon__ MAG. JUDGE _____